Macrea, J.,
delivered the following opinion :
This case comes before this Court, upon a motion made by the counsel for the appellee to dismiss it, on the following general grounds: First, that the appeal sought to be prosecuted here from the order in this case in the Court below, was not obtained according to law : and, secondly, that no appeal lies from said order, whether by the rules of common law, or in virtue of the statutes of Florida, giving the right and regulating the mode of suing out writs of error and prosecuting appeals.
It appears from the record in this case, that a rule nisi was granted by the Judge of the Circuit Court for the Eastern Circuit, for the County of Duval, conformably to the prayer of a petition which had been filed by the appellee before said Judge, by which rule it was ordered that appellant show cause before said Circuit Court, at the then next ensuing term thereof for said county, or so soon thereafter as counsel could be heard, why an ex parte order formerly made by the same Judge, giving said appellant leave to withdraw a certain “ written paper ” from the files of said Court, should not be revoked and rescinded: and why he, the appellant, ought not to return the said “ written paper ” to the files of the same Court; copies of which *393 order and petition were duly served upon the appellant, who answered thereto in writing. It further appears, that the matter of said petition and answer having been fully heard and considered by said Court, at the last term thereof, it was by the same thereupon ordered, that the order above mentioned granting to the appellant the possession of the paper the subjec.t of said rule be annulled, and that the said paper be returned by said appellant to the files of the Court by a day appointed in the order. It also appears that said appellant, having in open Court applied for an appeal from the order last mentioned, thereafter in open Court filed his bond for said appeal in the usual form, conditioned to pay the condemnation and 'costs in case the said order should be confirmed by the Appellate ‘ Court; which, bond was endorsed, “ approved of,” by the Judge of said Circuit.
We deem it unnecessary, in order to a decision of this motion, to determine the points arising upon the first ground taken by the counsel for the appellee. It may, however, be proper to remark, that the acts of a Judge of a Circuit Court, in relation to any application for an appeal to which a party may be entitled in virtue of the provisions of the Acts in question, are to be regarded a,s simply ministerial in their character and effect.
With regard to the other ground assumed by counsel for appellee, we are of the opinion, that clearly no appeal from an order of the tenor and effect of that which'has been brought in question before this Court, will lie; either at common law, or in virtue of the several Acts of the Legislature of Florida giving the right and regulating the mode of suing out writs of error and prosecuting appeals, or eith-erof them.
That this appeal does not lie at common law, is. sufficiently apparent from a consideration of the nature, form and objects, of the common law processes, by means of which the judgments of inferior tribunals may be reviewed. These are writs of error, prohibition, cer-tiorari and mandamus. Any other mode is unknown in a Court proceeding as a Court of common law jurisdiction, unless expressly giv. en by statute ; and where the latter limits tlie operation of appellate power to specific subjects, or classes of cases, this Court has no power to transcend the limits so assigned. Murdock, appellant, 7 Pickering, 820. At common law, as is well expressed and held in 1 Chitty’s Arch. Prac., 346, “ a writ of error lies, when a person is *394 aggrieved by an error in the foundation, proceeding, judgment or execution, of a suit, provided it be an error in substance, not aided at common law, or by some of the statutes of jeofails. It can be brought only on a judgment, or an award in the nature of a judgment, given in a Court of record, acting according to the course of the common law; but when the Court acts in a summary way or in a new course different from the common law, a certiorari, and not a writ of error» lies.
But again, at common law, the appellate power extends to matters of record only ; and here it may be remarked, that a matter of proceeding, spread upon the record or minutes of the Court, not being properly a record matter or proceeding in legal regard, does not thereby become such ; nor can it be therefore made a subject upon which to exercise appellate power and jurisdiction. Are, then, rules of the legal character of that now under consideration in this case, properly matters of record in legal contemplation? We think not. In England it is held that rules are not records, but mere remembrances not entered on the rolls of the Court. 9 Bing., 125. Tidd’s Prae., 490 ; and the cases there cited in 1 Wills., '40, and 2 Barn. & Aid., 61. In the correctness of this doctrine we fully concur, and consider it applicable to similar proceedings of the Courts of this State, embracing the case now before us. Moreover, it is held in English practice, “ that if a cause be moved in Court in the presence of the counsel for both parties, and the Court shall thereupon make an order, no person shall afterwards cause the same to be moved contrary to such rule or orderand that “ a rule made in the Bail Court is not more liable to be re-opened and argued in full Court after the term in which it was made, although the Judge who heard the case sanctioned the application to the full Court.” 2 Chitty’s Arch. Prac., 1194. The principles involved in this authority well apply to the case of which a review is now sought at the hands of this Court; and we deem it superfluous to add anything further in order to illustrate and sustain the opinion, that at common law, this Court has no appellate power or jurisdiction over this case.
But it is contended by the appellant, that the right of appeal in question, is conferred by statute; and he refers to the Act of the Legislative Council of the late Territory of Florida, now in force, on this subject, contained in Duval’s Compilation, p. 108, sections 1 & 2, *395 in support of his position. By sec. 1 of the first mentioned Act, it is provided, “ that if a party, in either of the Superior Courts of this Territory, shall feel aggrieved by a final judgment, sentence or decree made, or pronounced, by any or either of said Courts, it shall and may be lawful for such party, during the session of the Court at which such judgment, sentence or decree is rendered or pronounced, or within ten days thereafter, to obtain in Court, if the appeal be made in term time, or in the Clerk’s office if it be in vacation, his, her or their appeal to the Court of Appeals,” &c. Section 2 provides, that the party appealing, if defendant, shall give “ a bond with one or more securities, in a sum sufficient to cover the amount for which judgment has been given, decree rendered, or sentence pronounced, together with costs, conditioned that the appellant shall pay the costs, if plaintiff, or if defendant, the debt, damages or condemnation, and costs, in case the judgment, sentence or'decree of the Superior Court shill be affirmed,” &e. This section evidently refers to cases of suits, actions or causes in Court, in which there are adversary claims in a regular course of litigation. The case under consideration here is not one of those just referred to, but properly belongs to that numerous class of rules and orders of a summary character, which a Court of record is empowered in its discretion to make in regard to causes therein pending or determined, or otherwise relating to the record, proceedings and files of the Court, in the exercise of its inherent powers ofgeneral superintendence and control over all matters affecting its dignity and policy, or its due and rightful administration of the laws. And such matters are not subject to be reviewed by writ of error or appeal, in the halls of superior tribunals. This view is fully sustained by the principles advanced in the decision of the case of Willis vs. Willis, Adr., 5 Iredell’s N. C. R., 14, founded upon a statute of North Carolina similar to that above recited; and is fortified by other determinations and authorities, some of which have been already cited.
The appellant again contended that the Act just mentioned, if other • wise inapplicable to the case before us, is nevertheless made so by construction to be derived from the terms of the second section of the Act last above mentioned, passed subsequently to the former. We are unhesitatingly of a contrary opinion. The 2d section referred to provides, “ that in all cases in which a rule of Court, or other sum *396 mary order to any of the officers of Court and their securities or deputies, is in effect a judgment for the payment of money or other thing, the party aggrieved may prosecute • his, her or their appeal, writ of error or certiorari,” &c., as therein set forth. It is insisted that the words, “ rule or other summary order,” used in this section, show that the Legislature construed and intended the words, “judgment, sentence or decree,” contained in the first recited Act, to embrace rules and orders of the nature and effect of that from which an appeal is now sought. We consider this construction manifestly erroneous. This section, indeed, not only limits the right of appeal strictly to the cases therein provided for, but agreeably to the maxim, “ eocpressio unius est exclusio alterius,” goes ‘further to establish the construction which we have placed upon the first and second sections of the Act first above mentioned, the provisions of that Act being extended, yet limited to cases of rules and other summary orders affecting officers of the Cou,rt, and their securities or deputies, where such rules or orders do, in effect, operate as a judgment for the payment of money or other-thing. This motion is therefore sustained, and the case dismissed.

Pertotam Curiam,